**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**RODRICK PATTERSON**                                              **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:16CV990-HTW-LRA**

**JACOB M. RITCHEY, ESQ.,**
**AND ASSOCIATE**                                               **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Motion to Proceed *in Forma Pauperis* filed by Rodrick Patterson [hereinafter "Plaintiff"], an adult resident citizen of Hinds County, Mississippi. Plaintiff filed a Complaint against Jacob M. Ritchey, [hereinafter "Defendants"], an adult resident citizen of Madison County, Mississippi. Ritchey was Plaintiff's former attorney in a Workers Compensation claim he had in 1991 or 1992.

If only his income and expenses are reviewed, Plaintiff is entitled to proceed without the prepayment of fees. His only income is $194 per month in public assistance benefits, and he temporarily is supported by relatives. According to Plaintiff, he was "wrongly incarcerated" from 2011-2013 and suffers from medical conditions as a result of his incarceration.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Id.*

In his Complaint, Plaintiff describes the facts supporting his claims as follows::

> I, Plaintiff, Rodrick Patterson, brings to this court, the fact that the defendant mentioned in this cause collaborated and deceived me by fraud and set up a fake deposition and deceptively, cunningly, and fraudulently obtained $48,000.00 dollars from me through "my" worker's compensation award that was granted to me in or around 1991-92. I had no knowledge that I did not need a lawyer unless I did not agree with the award.

[1, p. 2].

As relief, Plaintiff requested:

> Plaintiff is seeking as a mental and emotional stress relief is $50,000.00 for each year that has passed, served by the U.S. Marshal, discovery, and criminal charges brought against the defendant and accomplish [sic].

[1, p. 3].

Plaintiff described the jurisdiction of his case:

> The reason that I bring the cause to the Federal Court is based on the grounds that the amount of money that was obtained through fraud and deception warrant Federal Jurisdiction.

[1, pp. 1-2].

Plaintiff filed an additional pleading [3] in response to the civil cover sheet the Clerk provided him, requesting that he provide the "statute" under which he was filing. Plaintiff's response was:

> Mississippi Code Ann. Statute 99-1-5 (2011)
> Time Limitation on Prosecution
> The passage of time shall never bar prosecution against any person for the offenses of murder, manslaughter, aggravated assault, kidnapping, burglary, forgery, rape, robbery. Also see section 99-1-5 in regards.

This Court must have original jurisdiction over the case, either via federal question or through diversity jurisdiction. Plaintiff concedes that the parties have no diversity of citizenship, as he lists both parties as Mississippi residents. He does not set forth a claim under a federal statute or the United States Constitution. His claims are generally state law tort claims based upon his contentions that his attorney in a 25-year old workers' compensation case defrauded him or committed malpractice. He cites a criminal statute which allows prosecution of the listed crimes after any length of time. This statute is not applicable to a civil case.

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582-83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp*., 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

The Plaintiff is prosecuting this case *pro se.* Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). The Court does not need Plaintiff to locate the law regarding subject matter jurisdiction; he simply must plead facts which would allow the Court to exercise jurisdiction over the parties. Having an attorney would probably not change the fact that his claims may not be heard in this Court--- not all cases are properly filed in the federal courts, regardless of the merits of the claims. Nowhere in the Complaint does Plaintiff set forth a factual basis for federal jurisdiction, but this does not mean he could not proceed in a state court.

When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case. *See Ruhrgas*, 526 U.S. at 583. Accordingly, this case should be dismissed without prejudice.

Plaintiff should be advised that his complaint may or may not set forth a valid claim under state law; he may wish to file his Complaint in justice court, county court, or circuit court, depending on the amount of damages requested.

<u>Conclusion</u>

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed without prejudice for failing to state a basis for federal court jurisdiction.  If Plaintiff objects to dismissal in a timely manner, and amends his Complaint to state a basis for federal court jurisdiction, the case should proceed.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 19th day of January 2017.

                                          s/Linda R. Anderson
                            UNITED STATES MAGISTRATE JUDGE